UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRIN K. LLOYD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>18TH JUDICIAL CIRCUIT COURT OF<br>DUPAGE COUNTY, ILLINOIS,<br>18TH JUDICIAL CIRCUIT COURT CLERK OF<br>DUPAGE COUNTY, ILLINOIS,<br>DUPAGE COUNTY STATE'S ATTORNEY,<br>DUPAGE COUNTY SHERIFF (of Illinois),<br>SECRETARY OF STATE (of Illinois),<br>ILLINOIS SECRETARY OF STATE,<br>ILLINOIS DEPARTMENT OF HEALTHCARE<br>AND FAMILY SERVICES, DIVISION OF<br>CHILD SUPPORT SERVICES,<br><br>　　　　　　Defendants. | No. 1:24-cv-00426-TWP-TAB |

**ENTRY SCREENING COMPLAINT AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Darrin K. Lloyd's ("Lloyd") Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2). Because he is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A.　　Filing Fee**

Lloyd's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Dkt. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Lloyd's *in forma pauperis* status.

*Fiorito v. Samuels*, No. 16-1064, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 14-cv-53, 2015 WL 4773135, at *5 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.**     **Screening**

The Seventh Circuit has explained,

> [D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status. 28 U.S.C. § 1915(e)(2)(B); *McGore*, 114 F.3d at 608. The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B).

*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

C.     **Plaintiff's Complaint**

In his Complaint, Lloyd asserts claims under 42 U.S.C. § 1983 against the 18th Judicial Circuit Court of DuPage County, Illinois (the "DuPage Circuit Court"), 18th Judicial Circuit Court Clerk of DuPage County, the DuPage County Sheriff, the State's Attorney of DuPage County, the Illinois Secretary of State, and the Illinois Department of Healthcare and Family Services, Division of Child Support Services (collectively, the "Defendants"). Lloyd alleges the Defendants have violated a lengthy list of statutes and constitutional provisions (Dkt. 1 at 2, 6). His claims stem from divorce proceedings in the DuPage Circuit Court, which are summarized in the Complaint. In April 2001, Lloyd and his now ex-wife, who share a child (or children), finalized their divorce. Pursuant to the divorce decree, Lloyd became the non-custodial parent and agreed to pay child support. Neither his ex-wife's counsel nor the presiding judge advised him that child support was "voluntary." *Id.* The divorce decree "didn't include mutual obligation[s]," so his agreement to pay child support did not form an enforceable "contract." *Id.*

In December 2002, Lloyd petitioned the DuPage Circuit Court for the voluntary termination of his parental rights, and then he moved, unsuccessfully, to vacate the child support order. *Id.* His ex-wife has refused to return property to him, which the DuPage Circuit Court has "never punished her for." Lloyd also alleges that in 2009 or 2010, he was served with a Notice of Intent to suspend his Illinois driver's license. Then, in or about February 2011, Lloyd was arrested for Contempt of Court for failing to search for employment, though Lloyd contends he was employed as a minister. The Assistant Illinois State's Attorney demanded to see the W2 for Lloyd's current wife and has filed liens against him and his property.

Lloyd and his current wife have suffered financially and physically because of Defendants' alleged conduct, and a "permanent injury" to Lloyd have "resulted in a loss of over 22 years of income." *Id.* at 6. Lloyd seeks an order directing the Illinois Secretary of State to reinstate his

3

driver's license, a Temporary Restraining Order directing Defendants to release all attachments to his person and property, and compensatory and punitive damages. *Id.*; (Dkt. 1-2).

D. <u>**Dismissal of Plaintiff's Complaint**</u>

Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citations and quotation marks omitted). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient.

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support").

Based on the allegations of the Complaint, this Court does not have jurisdiction to adjudicate Lloyd's claims. His claims against each defendant, related to his state court divorce action are barred by the *Rooker-Feldman* doctrine. His claims against the DuPage Circuit Court and State's Attorney of DuPage County are further barred by the doctrines of judicial and prosecutorial immunity, and his claims against the Illinois Secretary of State and the Illinois Department of Healthcare and Family Services are further barred because States officials and agencies are not suable under Section 1983.

The *Rooker-Feldman* doctrine derives from two decisions of the United States Supreme Court: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). According to this doctrine, lower federal courts are precluded from exercising jurisdiction over claims seeking review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g., Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Here, Lloyd plainly seeks review of the orders issued by state courts in his divorce proceedings, and he has expressly requested that the Court set aside court orders related to those proceedings. This federal district court is a "lower court" with no authority to resolve the alleged claims, including his claims the against the 18th Judicial Circuit Court Clerk of DuPage

County, the DuPage County Sheriff. Accordingly, this action must be dismissed because the Court lacks jurisdiction over Lloyd's claims under the *Rooker-Feldman* doctrine.

With respect to claims against the listed Defendants, Lloyd does not name and identify any specific claim against any individual, rather he names certain titles and buildings. His claim against the 18th Judicial Circuit Court of Dupage County, Illinois is dismissed because the entity sued is a courtroom in a courthouse building. As such this defendant is a "non-suable entity." *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, any claims against the Circuit Court are dismissed.

Lloyd's claims against the State's Attorney of DuPage County, the Illinois Secretary of State, and the Illinois Department of Healthcare and Family Services, Division of Child Support, must be dismissed because States, State officials, and State agencies are not "persons" capable of being sued under Section 1983. *See Kentucky v. Graham*, 473 U.S. 159, 165 67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (the state is not a "person" that can be sued under 42 U.S.C. § 1983); *Study v. United States*, 782 F.Supp. 1293, 1297 (S.D.Ind.1991) (a suit against an Indiana prosecutor in his official capacity is equivalent to a suit against the State of Indiana); *see also* "The [Indiana State] Superior Court . . . is an agenc[y] of the State of Indiana*.*" *Martin v. State*, 2013 WL 1332165, at *3 (N.D. Ind. Mar. 29, 2013).

Further, the unnamed presiding judge of the DuPage Circuit Court has judicial immunity, and this Court would not have jurisdiction to adjudicate claims against him/her. Judges are entitled to absolute immunity where, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Similarly,

any claims against the prosecuting attorneys for DuPage County would be barred by prosecutorial immunity. "Prosecutors are protected by robust immunity from federal tort liability, whether common law or constitutional . . . for acts they commit within the scope of their employment as prosecutors." *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (internal citation and quotation marks omitted).

For all the above reasons, the Court lacks jurisdiction over Lloyd's claims, and this action is subject to dismissal for lack of subject matter jurisdiction.

**E.      Opportunity to Show Cause**

Lloyd shall have through **Friday, May 3, 2024**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an . . . applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Lloyd elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8 of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Twombly*, 550 U.S. at 555 and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Lloyd claims to have suffered and what persons are responsible for each such legal injury[1], and

---

[1] ¹ Accordingly, Lloyd must name the person responsible for each claim and not their place of employment or title.

7

(d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## CONCLUSION

For the reasons stated above, Lloyd's Request to Proceed in District Court Without Prepaying the Full Filing Fee (Dkt. 2) is **GRANTED**.

Having screened the Complaint, the Court finds that the claims against each Defendant are subject to dismissal. Lloyd is granted leave to file an amended complaint by no later than **Friday, May 3, 2024**. If an amended complaint is filed as directed, it will also be screened pursuant to § 1915(e). If no amended complaint is filed by that date, this action will be dismissed without prejudice for lack of jurisdiction without further notice.

**SO ORDERED**.

Date: 4/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DARRIN K. LLOYD
P.O. Box 307
Fishers, IN 46038