# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DARRIN K. LOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00426-TWP-TAB |
| | ) | |
| 18TH JUDICIAL CIRCUIT COURT OF | ) | |
| DUPAGE COUNTY, ILLINOIS, | ) | |
| 18TH JUDICIAL CIRCUIT COURT CLERK OF | ) | |
| DUPAGE COUNTY, ILLINOIS, | ) | |
| DUPAGE COUNTY STATE'S ATTORNEY, | ) | |
| DUPAGE COUNTY SHERIFF (of Illinois), | ) | |
| SECRETARY OF STATE (of Illinois), | ) | |
| ILLINOIS SECRETARY OF STATE, | ) | |
| ILLINOIS DEPARTMENT OF HEALTHCARE | ) | |
| AND FAMILY SERVICES, DIVISION OF | ) | |
| CHILD SUPPORT SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DISMISSING ACTION AND
## DIRECTING ENTRY OF FINAL JUDGMENT

In the Entry of April 2, 2024, the Court screened *pro se* Plaintiff Darrin K. Loyd's ("Loyd")

Complaint and explained that it is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C.

§ 1915(e)(2)(B) because of a failure to state a claim upon which relief may be granted (Dkt. 8).

Specifically, the Court explained that the claims in the initial Complaint were barred by the *Rooker-*

*Feldman* doctrine, by the doctrines of prosecutorial and judicial immunity, and because certain

named defendants are not suable under Section 1983. The Court gave Loyd an opportunity to

amend his Complaint no later than May 3, 2024, and show cause why this case should not be

dismissed because of lack of subject-matter jurisdiction.

On May 2, 2024, Loyd filed an Amended Complaint (Dkt. 9). The Amended Complaint is

similarly deficient and fails to address or cure the problems of the initial Complaint by continuing

to fail to state a claim upon which relief may be granted. In his Amended Complaint, Loyd continues to complain of alleged deficiencies and misconduct related to underlying state court cases related to Loyd's child support obligations, and the consequences of his nonpayment of child support, and Loyd continues to request that the Court set aside the judgments rendered in those state court cases (Dkt. 9). As the Court explained in its April 2, 2024 Entry, the *Rooker-Feldman* doctrine precludes lower federal courts, including this Court, from exercising jurisdiction over claims seeking the review of state court judgments or over claims "inextricably intertwined" with state court determinations. *See, e.g.*, *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). "The *Rooker-Feldman* doctrine precludes federal jurisdiction over these claims because, no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). Loyd's Amended Complaint continues to assert claims barred by the *Rooker-Feldman* doctrine. The Amended Complaint also continues to assert claims against defendants that are immune from liability pursuant to the doctrines of prosecutorial immunity and judicial immunity and defendants that are not suable under Section 1983. This action therefore must be dismissed for lack of subject-matter jurisdiction.

The Court gave notice to Loyd regarding the jurisdictional deficiencies of his initial Complaint and provided him with an opportunity to respond. *See Aljabri v. Holder*, 745 F.3d 816, 819 (7th Cir. 2014). Because Loyd has failed to cure the deficiencies of his initial Complaint, for the reasons discussed in the screening Entry, this action is **dismissed for lack of jurisdiction**. *See* 28 U.S.C. § 1915(e)(2)(B). Final judgment consistent with this Entry will be issued under separate order.

**SO ORDERED**.

Date: 5/8/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DARRIN K. LOYD
P.O. Box 307
Fishers, IN 46038